AUGUST BERNHEIM & Co. *v.* C. & P. BEER ET AL.

1. FRAUDS. *Conveyance to debtor's wife by third person. Rights of creditors.*
   Where a debtor purchases real property, and procures the title to be conveyed to his wife, in fraud of his creditors, the conveyance, though not within the Statute of Frauds, is void in equity, and the creditors have the right to subject the property in which the debtor's money has been thus invested to the pay-

ment of their debts; and the same right extends to the proceeds thereof, or to any other property into which such proceeds may be converted.

2. INSURANCE. *Money due on policy, not proceeds of property. Interest of assured.*

Money due on a policy of insurance procured by a married woman on buildings situated on property the title to which has been conveyed to her in fraud of her husband's creditors, is not the proceeds of the property, and cannot be subjected by the husband's creditors to the payment of his debts. She can, in such circumstances, make a valid contract of insurance, which, being between the insurer and the insured, exclusively for the indemnity of the latter, cannot be defeated by third persons.

APPEAL from the Chancery Court of Hinds County.

Hon. E. G. PEYTON, Chancellor.

In April, 1876, C. & P. Beer were indebted to August Bernheim & Co. in the sum of $565.65. Subsequently, Josephine Beer became the wife of C. Beer, and he, with his own means, or that of his firm, purchased a town lot, and caused the title thereto to be conveyed to her. She procured from the Planters' Insurance Company of Mississippi a policy of insurance on the building situated upon this lot; and in December, 1877, the building was destroyed by fire. The loss on the policy being adjusted, the insurance company was found indebted to Mrs. Beer to the amount of $3,100. The appellants then filed their bill to subject this fund in the hands of the insurance company, to the payment of their debt. The defendants demurred to the bill; the demurrer was sustained, and the bill dismissed.

*Nugent & McWillie*, for the appellants.

*Birchett & Gilland*, for the appellees.

In case of a fraudulent conveyance of property, a court of equity can go no further in undoing the wrong than to reach the property or its proceeds. *Clements* v. *Moore*, 6 Wall. 315; *Parker* v. *Freeman*, 2 Tenn. Ch. 615. The property involved in this case has been destroyed. The fund in controversy is not its proceeds. Mrs. Beer has an insurable interest in the property, and this fund, which is the indemnity for its loss, cannot be taken from her. Bump on Fr. Conv. 569; *Car-*

*penter* v. *Insurance Co.,* 16 Pet. 495; *Lerow* v. *Wilmarth,* 9 Allen, 382; *Nippe's Appeal,* 75 Pa. St. 472; 6 Cent. L. J. 261.

SIMRALL, C. J., delivered the opinion of the court,

The complainants, the creditors of C. & P. Beer, predicate their equity on the fund sought to be subjected to their debt, on the fact that C. Beer invested his money, or that of the partnership, in the purchase of the lot and the erection of the dwelling-house thereon, and had the conveyance made to his wife, with the intent to defraud his creditors. The principle of the court of equity is, that a provision for the wife, contrived to conceal the means of the husband from his creditors by placing the ostensible title in her, though not within the Statute of Frauds, is void as to creditors, by the unwritten law. The Statute of Frauds only takes effect on a conveyance made by the fraudulent debtor.

The allegations of the bill disclose such a diversion and concealment of the debtor's means, to the injury of creditors, as operates a fraud on them. A court of law is not competent to pursue such an investment, and separate it from the property into which it has been converted. But a court of equity will lend its aid and afford relief by treating the holder of the legal title as trustee " *in invitum,*" and will require her to pay the money to the creditor, and will fasten a charge upon the property, to be exonerated by a sale. If the voluntary donee or fraudulent grantee has parted with the property, the court will follow the proceeds into any other property, and will realize out of that the money of the fraudulent debtor traced into it. *Carlisle* v. *Tindall,* 49 Miss. 234, 235; *Edmonson* v. *Meacham,* 50 Miss. 39; *Lawrence* v. *Bank,* 35 N. Y. 320; *Tabb* v. *Williams,* 7 Humph. 367; *Richards* v. *Ewing,* 11 Humph. 327.

The extent of the complainants' rights is, to reach the money of their debtor invested in the lot and the improvements, and pursue it beyond that into any proceeds or other property in

which Mrs. Beer has put it.    The creditors have no claim upon the rents and profits realized by Mrs. Beer; nor does their claim against the property relate back to the time she acquired it, so as to entitle them to an account against her.    Is the money owing by the Planters' Insurance Company to Mrs. Beer, in the sense and meaning of this principle, the proceeds of the property, or any part of it, acquired by Mrs. Beer from her husband?

The Planters' Insurance Company became indebted on a contract of indemnity against loss or damage by fire.    She had effected an insurance on the dwelling-house, which was destroyed by fire.    The indebtedness of the insurers was ascertained to be $3,100, on adjustment of the loss.    She was the apparent owner in fee.    She was absolute owner against all the world except the creditors of the husband.    As to them her title was defeasable, on the contingency that they successfully assailed her title as fraudulent.    It is not quite accurate to say that her title is defeasable on any event.    Her title at law is good; it is not condemned by the Statute of Frauds, but it is subject to a charge for the debtor's money which went into it for the use of the wife.    The property could not have been sold under judgment or attachment; for the entire scope of the Statute of Frauds is to leave property fraudulently conveyed open to creditors, — the *specific* property in the hands of the fraudulent grantee.    It does not follow the proceeds.    7 Humph., *supra*.

The fraudulent grantee may dispose of the property to a third person for value.    Innocent third persons may acquire liens which will be superior to the claims of the creditor of the original grantor.    So, if the property has been destroyed by time or accident, the creditor has lost his remedy.

But, as already observed, when the property has passed from the grantee, a court of law is unable to go further.    But at that point a court of chancery extends its efficient arms and lays hold of the proceeds, or any other property into which they may have been converted.

But here there has been no sale or exchange by which the original property has disappeared, and notes or bonds substituted as its representative. The original lot remains, but the house has been destroyed.

We are of opinion that the insurance money owing to Mrs. Beer is not the proceeds of the property, and that it cannot be taken from her by the creditors of her husband. As said in *Lerow* v. *Wilmarth, Trustee,* 9 Allen, 385 : " The contract [of insurance] was valid, which she had a right to make, and cannot be defeated by third persons," who claimed that it was defeasible if creditors assailed it.

In their very nature, policies of insurance are not incidents of the property. They are contracts between insurers and assured for indemnity of the assured, and not for loss or damages which another person may have sustained because of the destruction of the property, no matter what the interest of that person may be, as mortgagee, creditor, or otherwise.

If another person has an interest in the property, he may insure for himself; nor can he set up a claim to money which has become due to another, unless that other be his debtor, and the money is garnished or attached. *Carpenter* v. *Provident Washington Ins. Co.,* 16 Pet. 495 ; *Nippe's Appeal,* 75 Pa. St. 478, 479.

The money in question was due to Mrs. Beer, and she was not the debtor of the complainants.

It follows, that the complainants have no equity on the fund. Wherefore the decree dismissing their bill is affirmed.