[No. 1401.]

FORRESTER v. GILL.

1. FRAUDULENT CONVEYANCE—PROCEEDS OF PROPERTY—INSURANCE MONEY.

A transfer of property made with intent to defraud creditors is void as to them, and their right to follow the property extends to its proceeds, but money due on an insurance policy for loss by fire is not the proceeds of the property destroyed and cannot be followed by creditors although the property was transferred by their debtor to the insured to defraud his creditors. And it was immaterial that the debtor paid the premium.

2. SAME—INSURABLE INTEREST.

The transferee of property has an insurable interest although the transfer was fraudulent as to creditors.

3. FRAUDULENT CONVEYANCE—ASSIGNMENT—CONSIDERATION.

Where a husband transferred property to his wife in fraud of his creditors and the property was insured in the name of the wife and destroyed by fire, and the claim against the insurance company was assigned by the wife, as between the husband's creditors and the assignee of the wife it is immaterial whether the assignee paid a consideration or not for the claim.

*Appeal from the District Court of Arapahoe County.*

Mr. C. M. KENDALL, for appellant.

Mr. WILLIAM B. TEBBETTS and Mr. E. B. KELLOGG, for appellee.

THOMSON, P. J., delivered the opinion of the court.

The appellant brought suit against William T. Craft, and summoned the Mechanics' Insurance Company of Pennsylvania as garnishee. The garnishee answered that there was due on a policy of insurance against loss by fire an adjustment of $550 to Lizzie A. Craft, provided she owned the property. The plaintiff traversed the garnishee's answer, claiming that the money was really due to the defendant. Anna L. Gill filed her petition of intervention in the cause, alleging that on September 1, 1891, Lizzie A. Craft was the owner of certain household furniture and personal property in Denver, and on that day insured the property with the garnishee company against loss or damage by fire; that the property, on November 2, 1894, sustained loss by fire; that the loss was adjusted by the company at $550, which the company agreed to pay Lizzie A. Craft; that on November 29, 1895, Lizzie A. Craft sold and assigned her claim against the company to the intervenor for $650, payable in one year, with interest at eight per cent per annum, and that the company was notified of the assignment before it made its answer. The intervenor prayed judgment awarding the insurance money to her.

The plaintiff answered the petition in intervention, denying that Lizzie A. Craft was the owner of the property as against the creditors of the defendant, William T. Craft; averring that the insurance was procured by the defendant in the name of Lizzie A. Craft for his own benefit; that the adjustment was really made between the defendant and the garnishee, and for the defendant's benefit, although in the

name of Lizzie A. Craft; and denying knowledge or information sufficient to form a belief concerning the alleged assignment to the intervenor. The plaintiff alleged further that on January 29, 1894, the defendant made his promissory note to the plaintiff for $820; that the defendant then owned the property mentioned in the intervenor's petition, but afterwards, and before the insurance was effected, attempted to transfer it to Lizzie A. Craft; that the sale was not accompanied by immediate delivery, or followed by actual or continued change of possession, and was made without consideration, and for the purpose of hindering, delaying and defrauding the creditors of the defendant; and that the intervenor at the time of the assignment to her had notice of the fraudulent character of the transfer. The intervenor replied, denying the allegations of the answer. Judgment went for the intervenor, and the plaintiff appealed.

The intervenor supported her claim by evidence which, *prima facie*, entitled her to judgment. The plaintiff then offered to prove that the property insured belonged to the defendant, who was the husband of Lizzie A. Craft, prior to his marriage with her, and at the time of the marriage was still in his possession; that she paid no consideration for the property; that the premium for the policy was paid by the defendant; that at the time of the transfer the defendant was insolvent; and that there never had been any open, notorious or exclusive change of possession of the property. The plaintiff further offered to prove that the intervenor paid no consideration for the assignment to her. The court refused to receive the evidence.

For the plaintiff it was conceded below, and it is conceded here, that the transfer was sufficient to vest in Mrs. Craft an insurable interest; but it is contended that the plaintiff was entitled to show the fraudulent character of the transfer of the property, and its invalidity as against him; and that therefore, the evidence offered was erroneously excluded. A transfer of property made with the intent to defraud creditors is void as to them, and their right to follow the property

extends to its proceeds, or other form of property into which the fraudulent grantee may have converted it. If the fund which the plaintiff seeks to subject to the payment of his debt was the proceeds of the property, the evidence was admissible, and its exclusion error. The main question in the case therefore is, " Was the money due from the insurance company the proceeds of the property?" We think this question must be answered in the negative.

Insurance is a contract of indemnity. The insurer agrees, for a consideration, to pay to the insured a stipulated amount in case the latter shall sustain loss or damage in consequence of the happening of some event or contingency contemplated by the contract. It is a personal contract and does not run with the title to the property. *Cummings v. Ins. Co.*, 55 N. H. 477; May on Insurance, §§ 1, 6. The money which the insurance company agreed to pay to Mrs. Craft was not payable as a price for the property, and its payment would not operate to convert the property into a fund. It was her personal interest in the property which was insured, and the agreement was to pay to her personally a certain amount in case of injury to her interest from a specified cause. That she had an insurable interest is conceded, and, even if it were not conceded, is settled by the adjudications. The fund which the plaintiff seeks to reach does not in any sense represent the property. Therefore it cannot be taken for the husband's debt as the property itself might have been. The fact that the transaction by which her interest was created might have been avoided by her husband's creditors, gives them no claim to money payable to her as compensation for the destruction of that interest, upon a contract which she had the right to make, which in no manner affected the interest of her husband, and in consequence of which no injury could result to those creditors. *Lerow v. Wilmarth*, 91 Mass. 382; *Bernheim v. Beer*, 56 Miss. 149; *McLean v. Hess*, 106 Ind. 555; *Nippe's Appeal*, 75 Pa. St. 472. In *McLean v. Hess*, the court said: " The insurance was taken in plaintiff's name. However fraudulent the purpose was in having the property conveyed

to her, that policy belonged to her. However fraudulent the conveyance to plaintiff may have been, she had an insurable interest in the property. The insurance was taken in her name; the policy was hers; and the proceeds thereof cannot be taken from her by the husband's creditors."

The case of *Boot & Shoe Company v. Ladd*, 32 Minn. 381, to which we are referred, is not in point. Ladd was insured upon a stock of goods against loss by fire. By an indorsement on the policy the loss was made payable to James A. Lovejoy, a mortgagee of the goods, as his interest might appear. The property was destroyed by fire. It was held that a creditor of Ladd could garnish the insurance money and attack the mortgage as fraudulent. But the policy belonged to Ladd. The loss was payable to him less such interest as Lovejoy might have under his mortgage, and if he had no interest, the whole belonged to Ladd. The creditor had the right to show that as to him, Lovejoy had no interest, and that, therefore, the entire fund was within the reach of his process, as belonging to Ladd. See *Carpenter v. Ins. Co.*, 16 Pet. 495.

Nor is the situation altered by the fact, if it was a fact, that the premium was paid by the husband. The insurance money does not represent the premium. The premium is not part of it. The premium was the consideration for the agreement of the company to pay the money, but the money represents the loss she sustained after the premium was paid, and nothing else.

The question whether the intervenor paid a consideration for the claim, is unimportant. As between creditors of Mrs. Craft and the intervenor, the consideration might be inquired into; but the rights of the plaintiff were not affected by the assignment. He could not have touched the fund if there had been no assignment. The question of the consideration of the assignment is therefore one in which he has no concern, and which he cannot raise.

The court committed no error in refusing to receive the offered evidence, and the judgment must be affirmed.

*Affirmed.*