## STEINMEYER v. STEINMEYER.

INSURANCE—INSURABLE INTEREST—DEBTOR AND CREDITOR—FRAUD.—A grantee of realty by deed of gift has an insurable interest in the house thereon after the deed has been adjudged void as against grantor's creditors, and a policy of insurance requiring sole and unconditional ownership is not void, as the title of insured fills these conditions; and such grantee and not the creditors of the grantor is entitled to the proceeds of the insurance policy in case of loss.

Before WATTS, J., Charleston, September, 1900. Affirmed.

Action by Ella G. Steinmeyer and George E. Steinmeyer against Carrie A. E. Steinmeyer and The Germania Fire Insurance Company. From Circuit decree, the plaintiffs and defendant company appeal.

*Messrs. Buist & Buist* and *J. E. Burke,* for plaintiffs, cite: *Insured is quasi trustee for plaintiff, and public policy requires proceeds of policy to be applied. ex aequo et bono to them:* 23 S. C., 129; 31 S. C., 118; 50 S. C., 532; 52 S. C., 315; 56 S. C., 357; 50 S. C., 534. *As to unconditional and sole ownership in policies:* 95 U. S., 242; 9 S. E. R., 233; 27 S. C., 309; 127 U. S., 666; 96 Fed. R., 305; 109 U. S., 282; 127 U. S., 661; 10 C. C. A., 91; 1 Story, 360; 2 Sumn.,

380; 5 Crauch, 335; 71 Mass., 388. *As to presumption of knowledge on part of insurance company:* 67 N. W., 774; 19 Atl., 77; 71 N. W., 463; 36 Atl., 317; 83 Ill., 302; 53 N. W., 727; 62 N. W., 857; 69 N. W., 261; 29 S. E. R., 1024; 28 Grat., 389; 92 Va., 747. *Title was in S., subject to judgments of plaintiffs:* 33 S. E. R., 20; 29 S. C., 196; 34 S. C., 7. *Forfeiture in insurance is not favored in the law:* 95 U. S., 673; 167 U. S., 159. *Agreements to renew old policies are new contracts:* Biddle on Ins., sec. 341; 11 Mich., 425; 59 N. Y., 1.

*Messrs. Mitchell & Smith,* for insurance company, cite: *As to office of statements in policy:* 13 Ency., 2 ed., 228-9; 68 Mo., 127. *Conditions in question are in accord with public policy and valid:* 13 Ency., 240-4. *Insurance contracts are dependent on their terms and conditions:* 121 U. S., 452; 16 Pet., 495; 26 S. C., 505; 133 Mass., 457; 13 Ency., 2 ed., 238; 116 N. Y., 106. *Who is sole and unconditional owner?* 69 Ia., 202; 8 Ency., 1234; 3 Hughes, 251; 133 Mass., 457; 86 N. Y., 425; 22 N. E. R., 229. *Meaning of clause:* 10 Ins. Law Journal, 475. *Did insured have insurable interest?* 48 S. C., 197; 34 S. C., 7; 20 Ins. Law J., 179; 16 Id., 499.

July 17, 1902. The opinion of the Court was delivered by MR. JUSTICE JONES. This contest involves the question whether the Germania Fire Insurance Company is liable on its policy of fire insurance issued to Carrie Steinmeyer, and, in the event of such liability, who is entitled to the proceeds of the policy. The defendant company issued its policy to Carrie Steinmeyer on the 8th day of May, 1899, insuring certain buildings therein mentioned, known as No. 118 Beaufain street, in the city of Charleston, S. C., against loss or damage by fire. These buildings were partially destroyed by fire on the 24th day of May, 1899, and the damage was adjusted at $580. The insurance company denies liability, alleging that the policy is void by reason of the breach of the

conditions of said policy, the answer in this regard being as follows:

"V. Further answering and for further defense, this defendant alleges that the said policy of insurance contained a provision or condition that the same should be void if the interest of the insured in the property be not duly stated herein; and this defendant is informed and believes, and on information and belief avers, that the interest of the said Carrie A. E. Steinmeyer was not truly stated in said policy, inasmuch as the said Carrie A. E. Steinmeyer has been adjudicated to hold said property as trustee, and that by reason of said violation of said provision or condition of said policy the said policy has become null and void, and this defendant is not liable thereunder.

"VI. That said policy of insurance contained a further provision or condition, that the same should be void if the interest of the insured be other than unconditional and sole ownership, or if any change took place in the interest, title or possession of the subject of insurance, except change of occupants, without increase of hazard, whether by legal process or judgment, or by voluntary act of the insured or otherwise. And this defendant is informed and believes, and on information and belief avers, that the interest of the insured, the said Carrie A. E. Steinmeyer, was not unconditional and sole ownership, and that her interest and title in the subject of insurance has been changed, inasmuch as the said Carrie A. E. Steinmeyer has been adjudicated not to have been unconditional and sole ownership in said property, and that she held the same in trust. And that by reason of said violation of said provisions and conditions of the said policy the said policy has become null and void, and the defendant is not liable."

The policy contained provisions that the entire policy "shall be void * * * if the interest of the insured in the property be not truly stated herein * * * if the interest of the insured be other than unconditional and sole ownership * * * or if any change, other than by death of the insured, take

place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or judgment, or by voluntary act of the insured or otherwise." The property insured was originally owned by Eliza R. Steinmeyer, who conveyed the same to Carrie Steinmeyer in May, 1894, who every year thereafter up to the date of the policy in question, insured the premises in the defendant company in her own name and interest. In 1897, creditors of Eliza Steinmeyer brought an action to set aside this deed, with other conveyances, as in fraud of their rights, and as the result of that suit this Court affirmed the decree of the Circuit Court, rendered August 13, 1894, adjudging said conveyance to be voluntary, and subjecting the property conveyed, if necessary after exhausting the grantor to the payment of the judgment in favor of the grantor's creditors. The decree of this Court in said cause, *Steinmeyer* v. *Steinmeyer*, 55 S. C., 9, 33 S. E. R., 15, was rendered April 18, 1899, and the remittitur was filed in the Circuit Court May 2d, 1899. Six days thereafter the policy in question was issued. After the fire, which occurred on the 24th day of May, 1899, the property was sold under the order of the Court, and the proceeds applied to the judgment in favor of the said creditors, leaving a balance due thereon more than the amount of the insurance money claimed.

Do these facts warrant a conclusion that the policy is void by reason of a breach of the quoted conditions? We think not. The clause or condition last quoted, relating to change of interest, title or possession, is not applicable, for such condition refers to change of interest *after* the issuance of the policy and before the fire. In this case, it appears that there was no change of interest between the issuance of the policy and the fire. The other conditions relate to the interest or ownership of the insured at the time of the insurance. Such conditions are reasonable and valid, and a breach of them should prevent a recovery. In sec. 283, 1 May on Ins., the author says: "Inquiries about a greater or less interest

and a more or less perfect title usually refer to the quality of the estate, having reference to its duration, whether an estate in fee, for life, for years or at will, to what is vested in distinction from what is conditional or contingent, and not to questions of incumbrances, as affecting the quantity of the estate." The question, then, is what was the interest. of the insured, and was her ownership sole and unconditional with respect to the insurance company at the time of the insurance. The title of a grantee in a voluntary conveyance by the owner is good against the grantor and all the world, subject to the equity of the grantor's creditors to have the property, if necessary, applied to the payment of their judgment against the grantor. In the absence of actual fraud, as in this case, a voluntary deed is not void *ad initio,* and it is unassailable even by the creditors of the grantor until it is legally ascertained that the property is necessary to pay the creditor, after exhausting the grantor. *Suber* v. *Chandler,* 18 S. C., 529. Then it is void only as against the right of the creditor to subject it to his judgment. When it is said that such a voluntary deed is "void" or "set aside," these terms must be understood as meaning only that the conveyance, while good against all others, shall not operate to defeat the equity of the creditors of the grantor. With respect to any right of the insurance company, the insured, by the grant of the owner, was invested with the fee simple title at the time of the insurance. The insured's ownership was sole, because no one else had any interest in the property as owner, and it was unconditional because the *quality* of her estate therein was not limited or affected by any condition. The right of the grantor's creditors in certain contingencies to subject said property to their claims did not give such creditors any interest in the property as owners, nor did the judgment declaring the deed void as against creditors operate to restore the fee to the grantor, with respect to the insurance company. The status of the voluntary grantee at the time of the insurance was rather that of one holding the fee subject to an incumbrance, the

27—64

equity of the grantor's creditors.    The existence of a lien or encumbrance on the insured's property is not a breach of the condition which requires sole and unconditional ownership. *Manhattan Fire Ins. Co.* v. *Weill,*      Va., 28 Grat., 389, 26 Am. Rep., 364; *Carrigan* v. *Lycoming Fire Ins. Co.,* 53 Vt., 418, 38 Am. Rep., 687; *Carson* v. *Jersey City Ins. Co.,* 43 N. J. Law, 300, 39 Am. Rep., 584; *Hubbard* v. *Hartford Fire Ins. Co.,* 33 Iowa, 325, 11 Am. Rep., 125; *Dolliver* v. *St. Joseph F. & M. Ins. Co.,* 128 Mass., 315, 35 Am. Rep., 378. It does not appear that any inquiries were made by the insurance company as to the existence of encumbrances against the property, and no representations were made by the insured touching her interest in said property except what would be involved by the use of the terms of the conditions considered.    The insured was in the use and possession of the premises under said deed at the time of the insurance, and clearly had an insurable interest therein; and it is difficult to say how she could have described her interest or estate in the property other than as sole and unconditional owner.    All would admit that she would have been such an owner if the claims of the grantor's creditors had been paid by any one, or in any way released or discharged before sale of the premises.    But as the creditors had no title in the premises to convey, how could the mere payment of their claims add anything to the insured's title, beyond merely removing an encumbrance.    Under the circumstances, the position of the insured was not essentially different than would be the position of any debtor insuring property held in fee simple, but subject to an outstanding mortgage or judgment lien.    Such outstanding encumbrances may undoubtedly affect the risk, but the insurance company may, if it sees fit to do so, protect itself against such risks by appropriate stipulations in the contract.

The next question is, who is entitled to the proceeds of the policy, the insured, Carrie Steinmeyer, or the plaintiffs, who claim as creditors of the grantor, Eliza Steinmeyer? The contention of the plaintiffs is that in respect to the pro-

ceeds of the policy, Carrie Steinmeyer, while not being an express trustee, has a relationship to plaintiffs in the nature of a *quasi* trustee, and public policy will, therefore, require that the proceeds of the policy should be applied, *ex aequo et bono,* to the plaintiffs. To sustain this proposition plaintiffs cite the cases of *Bath Paper Co.* v. *Langley,* 23 S. C., 129; *Clyburn* v. *Reynolds,* 31 S. C., 118, 9 S. E. R., 973; *Green* v. *Green,* 50 S. C., 532, 27 S. E. R., 920. The two last named cases held that insurance money collected by a life tenant on a total loss by fire should be used in rebuilding or should go to the remainderman, reserving the interest of the life tenant for life to him, upon the ground that a life tenant, with respect to the property insured, was a *quasi* trustee to the remainderman, and that public policy requires such a disposition of the proceeds of insurance so affected. These cases are not applicable, as the insured in this case was not a life tenant insuring for full value buildings, the fee in which belonged to remaindermen, with whom the insured occupied a relation of trust with respect to the preservation of the property insured. The case of Bath Paper Co. *v.* Langley comes more closely to the point in hand; but in that case the insured had purchased property at a sheriff's sale under circumstances amounting to fraud in law, and while in possession under the sheriff's deed had insured the property and it having been burned, received the insurance money. The Court having held the sale void by reason of the conduct of the purchasers in entering into an agreement having the effect to chill the bidding, held the insured accountable to the true owner for the insurance money. The language used by the Court was: "If, as we have seen, the defendants stood in the relation of *quasi* trustees towards the plaintiffs, then the money received by them for the insurance on the house of the plaintiffs belonged, *ex aequo et bono,* to the plaintiffs. This money may be regarded as a compensation, in part at least, for the loss of property which has been adjudged to be the property of the plaintiffs, and, therefore, in equity and good conscience, it belongs to the.

plaintiffs. Any other view would, contrary to well established principle, enable the defendants to make profit for themselves out of the *quasi* trust property. It is, in effect, money had and received by the defendants to the use of the plaintiffs, and as such recoverable by the plaintiffs, subject, however, to a deduction of all amounts actually paid by the defendants, either by way of premiums or otherwise, in effecting or collecting such insurance." In the case just cited, the insured effected insurance on the property of another, of which he had obtained possession under circumstances which rendered the sale voidable by the owner. In this case the insurance was effected by one to whom the original owner had conveyed by deed, which the original owner and grantor could not assail. This case should be decided upon correct principles of law as applicable to the respective rights of the parties under the particular facts. All must admit, and we have already held, that the insured had an insurable interest in the buildings which were partially burned, and that such insurable interest is covered by the policy. No one has estimated the value of such insurable interest except as valued in the adjustment of the amount of the loss, $580. Can it be said that the insured shall take nothing as the fruit of her contract with the company, for which she alone paid the consideration? The proper solution of the question requires that notice be taken of the nature of the policy of insurance. The authorities generally agree that a contract of fire insurance is a personal contract between the insurer and insured, by which the former undertakes to indemnify the latter for the loss he sustains by fire. Being a personal contract, it does not run with the buildings said to be insured, is not an incident to the thing insured. Being a contract of indemnity, it is essential that the insured have an insurable interest in the subject of insurance. I May on Ins., secs. 2 and 6; 16 Ency. Law, 2 ed., 840-843; *Carpenter* v. *Ins. Co.,* 16 Peters, 496; *Annely* v. *DeSaussure,* 26 S. C., 505, 2 S. E. R., 490; *Swearingen* v. *Ins. Co.,* 52 S. C., 315, 29 S. E. R., 722. If,

therefore, Carrie Steinmeyer had an insurable interest, and her loss with reference to that interest has been estimated to be the fund in dispute, and if the contract for which she alone paid the premium is one of personal indemnity, upon what principle of law, justice or public policy can that which is hers be given to the creditors of another? It is not doubted that the creditors of Eliza Steinmeyer had the right to resort to the insured property, or to that into which the insured property had been converted, having the right to follow the property of their debtor, but this gives them no right to the insurance money, which does not represent their debtor's property, but represents the amount of personal indemnity going to Carrie Steinmeyer for her loss. In 14 Ency. Law, 2 ed., 343, the law is thus stated: "Money due on a policy of insurance, procured by the grantee on buildings situated on the property, title to which has been conveyed to him in fraud of the grantor's creditors, is not to be deemed proceeds of the property, and cannot be subjected by the grantor's creditors to the payment of his debts. A policy of insurance against fire is not an incident to the property insured, but is a mere special agreement with the insured, indemnifying him against such loss or damage from fire as he may sustain thereby. If the creditors have a lien by mortgage, judgment or execution, they can insure their own interest, but they can have no right to attach insurance money due to any one but their own debtor." Among the cases cited to support the text is *Forrester* v. *Gill*, 11 Colo. App., 410, which is exactly in point, and thus reasons out the proposition: "A transfer of property made with the intent to defraud creditors is void as to them, and their right to follow the property extends to its proceeds or other form of property into which the fraudulent grantee may have converted it. If the funds which the plaintiff seeks to subject to the payment of his debt was the proceeds of the property, the evidence was admissible and its exclusion error. The main question in the case, therefore, is, 'Was the money due from the insurance company the proceeds of

the property?' We think this question must be answered in the negative. Insurance is a contract of indemnity. The insurer agrees for a consideration to pay to the insured a stipulated amount in case the latter shall sustain a loss or damage in consequence of the happening of some event or contingency contemplated by the contract. It is a personal contract and does not run with the title to the property. *Cummings* v. *Insurance Co.,* 55 N. H., 457, May Ins. S. S. I., 6. The money which the insurance company agreed to pay to Mrs. Craft was not payable as a price for the property, and its payment would not operate to convert the property into a fund. It was her personal interest in the property which was insured, and the agreement was to pay to her personally a certain amount in case of injury to her interest from a specified cause. That she had an insurable interest is conceded, and even if it were not conceded, is settled by the adjudications. The fund which the plaintiff seeks to reach does not in any sense represent the property. Therefore, it cannot be taken for the husband's debt, as the property itself might have been. The fact that the transaction by which her interest was created might have been avoided by her husband's creditors, gives them no claim to money payable to her as compensation for the destruction of that interest upon a contract which she had the right to make which in no manner affected the interest of her husband, and in consequence of which no injury could result to those creditors. *Lerow* v. *Wilmarth,* 91 Mass., 382; *Bernheim* v. *Beer,* 56 Miss., 149; *McLean* v. *Hess,* 106 Ind., 555, 7 N. E., 567; Nippe's Appeal, 75 Pa. St., 472."

We agree, therefore, with the Circuit Court, that the defendant company is liable upon the policy, and that Carrie Steinmeyer, the insured, is entitled to receive the proceeds thereof. This renders it unnecessary to consider any further the exceptions.

The judgment of the Circuit Court is affirmed.