COLLETTE *et al. v.* LONG.

(Division A. Oct. 25, 1937.)

[176 So. 528. No. 32859.]

Mitchell & Clayton, of Tupelo, for appellants.

654

**C. P.** and **S. H. Long**, of Tupelo, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

J. Y. Cummings died some years since, leaving surviving him a widow, Annie Cummings, and four adult children. He left a will, which the widow renounced. Among other property owned by him was a house and lot which constituted his homestead, and certain furniture and household effects. The widow, under section 1412, Code 1930, continued to use and occupy this homestead. She procured an insurance policy from the Home Insurance Company of New York on the house and the furniture therein, against all direct loss and damage by windstorm, cyclone, and tornado. Afterwards the property insured was destroyed and the widow was killed by a tornado. The appellee was then appointed, and qualified, as the widow's administrator. He thereupon called upon the insurance company for the proceeds of the policy, but it declined to pay him, for the reason that Cummings' children claimed to have an interest therein, but offered to pay the money to the Clerk of the court below, to be disposed of as the court might direct in a proceeding therefor. This was accordingly done, and this litigation is for the purpose of determining to whom the money belongs. The court below awarded it to the widow's administrator.

Cummings' widow and children were cotenants of this property, each having an undivided one-fifth interest therein; and the contention of the appellants is that this policy of insurance inured to the benefit of all of the cotenants. "In their very nature, policies of insurance are not incidents of the property. They are contracts

between insurers and assured for indemnity of the assured, and not for loss or damages which another person may have sustained because of the destruction of the property, no matter what the interest of that person may be, as mortgagee, creditor, or otherwise. If another person has an interest in the property, he may insure for himself." Bernheim v. Beer, 56 Miss. 149.

Where the owner of property conveys it in fraud of his creditors, the creditors have no interest in the proceeds of an insurance policy procured thereon by the grantee. Bernheim v. Beer, supra. A remainderman has no interest in the proceeds of an insurance policy procured on property by the life tenant thereof, merely because of the relations that exist between a life tenant and the remainderman. King v. King, 163 Miss. 584, 143 So. 422. A tenant, bound under his lease to restore a building destroyed by fire, is not entitled to the proceeds of an insurance policy procured by the lessor on the building destroyed, although the tenant rebuilds the house. Panhandle Oil Co. v. Therrell, 158 Miss. 810, 131 So. 263. The ratio decidendi in these cases applies here unless, as claimed by the appellants, the fiduciary relations existing between cotenants prevents.

In support of their contention, the appellants say that, because of the fiduciary relationship existing between cotenants, a policy of insurance procured by one cotenant on the common property, not limited to his separate interest therein, should be presumed and held to have been procured for the benefit of himself and his cotenants.

If, strictly speaking, a fiduciary relationship exists between cotenants by reason of the mere fact that they are such (compare 62 C. J. 419, with Shelby v. Rhodes, 105 Miss. 255, 62 So. 232, Ann. Cas. 1916D, 1306), it can extend only to their mutual rights and duties. One cotenant is under no duty, merely as such, to indemnify his cotenant for the destruction of their common prop-

erty, nor to procure a policy of insurance so indemnifying them. He may obligate himself so to do, or all of the cotenants may combine in procuring such a policy, or each may insure it for himself, and the amount for which the policy is issued is for the determination of the insurer and the one procuring the policy.

Affirmed.