ASSOCIATES DISCOUNT CORPORATION *v.* CLARK et al.

No. 41804 April 10, 1961 128 So. 2d 535

*Thomas W. Crockett, Jr., Overstreet, Kuykendall, Perry & Phillips,* Jackson, for appellant.

*F. J. Lotterhos, Daniel, Coker & Horton,* Jackson, for appellee.

JONES, J.

This case was appealed from the Chancery Court of the First Judicial District of Hinds County. In May 1959, Clark was injured as a result of an automobile collision, he colliding with a car owned and driven by W. C. Bowen. In June of that same year, Bowen being a nonresident, Clark filed suit in the chancery court under our statute authorizing attachments in chancery against nonresidents, seeking to recover damages for such injuries. The company having possession of the car of Bowen, which had been damaged in said collision, was made a party, as was Emmco Insurance Company, which company held the collision insurance on Bowen's car. Associates Discount Corporation filed an intervention petition alleging it held a chattel mortgage (which was not recorded in Mississippi) executed under the laws of the State of Louisiana on the car which had been attached, and that as mortgagee it was entitled to the proceeds of the insurance on said car by reason of the mortgage clause in the policy, and that it was also entitled to enforce its mortgage lien against the car.

Before the final hearing, the insurance company paid the insurance money amounting to $1250.67 to the chancery clerk, awaiting final disposition by the court. By agreement, the automobile was sold and the proceeds of such sale amounting to $625 was also held by the clerk of the court for final determination. On the final hearing, Clark recovered a judgment against Bowen for the sum of $15,000. There is no appeal by Bowen and that issue is not before us.

In the final decree the lower court directed the payment of the proceeds of the sale of the car as well as the proceeds of the insurance to Clark and dismissed the claim of Associates Discount Corporation thereto, from which order the said Associates Discount Corporation appeals.

There are two questions involved: (a) Does the word "creditor" in Section 870 of the Mississippi Code of 1942 include such a claimant as Clark? (b) Do the proceeds of the collision insurance follow the car, and as between Clark and Associates Discount Corporation, which would be entitled to receive same? Our statute governing attachments in chancery are Sections 2729 and 2730, Mississippi Code of 1942, and read as follows:

"Section 2729: Nonresidents—absent or absconding debtors. The chancery court shall have jurisdiction of attachment suits based upon demands founded upon any indebtedness, whether the same be legal or equitable, or for the recovery of damages for the breach of any contract, express or implied, or arising ex delicto against any nonresident, absent or absconding debtor, who has lands and tenements within this state, or against any such debtor and persons in this state who have in their hands effects of, or are indebted to, such nonresident, absent or absconding debtor. The court shall give a decree in personam against such non-resident, absent or absconding debtor if summons has been personally served upon him, or if he has entered an appearance."

"Section 2730. Attachments against nonresidents—how effects or indebtedness bound. When a bill shall be filed for an attachment of the effects of a nonresident, absent or absconding debtor in the hands of persons in this state, or of the indebtedness of the defendant in this state to such nonresident, absent or absconding debtor, it shall be sufficient to bind such effects or indebtedness, that the summons for the defendant resident in this state shall have stated in or endorsed upon it the nature and object of the suit, and that it is to subject the effects in the hands of the resident defendant, and the indebtedness of such defendant to the nonresident, absent or absconding debtor, to the demand of the complainant; or, instead of such statement on the summons, a copy of the bill may be served with the summons, and shall bind the effects or indebtedness from the time of such service."

Section 870 of said Code reads: "Mortgages, deeds of trust, and other liens on personal property executed out of this state shall only be binding on such property in or when removed into this state, as against creditors and bona fide purchasers without notice, from the time such mortgage, deed of trust, or other instrument, duly acknowledged or proved, or a duly certified copy of the record thereof, shall be delivered to the proper clerk in this state for record."

 It will be noted that the statute on attachments in chancery provides that the chancery court shall have jurisdiction of such suits upon any indebtedness against a nonresident, whether legal or equitable, for breach of contract or arising ex delicto. There can be no question as to the right of Clark to proceed in this manner to recover damages in his tort action. When property is attached in these proceedings, the service of process creates a lien on the property and the lien is established when the writ is served. Slattery v. Renoudet Lumber Co., 125 Miss. 229, 87 So. 888; Vines v. Sparks, 148 Miss. 219, 114 So. 322; Vining, et al. v. Smith, 213 Miss. 850,

58 So. 2d 34. This last suit was an action to recover property damages because of an automobile collision.

It is clear that under our statute the complainant acquires a lien on the property of a nonresident bound under these statutes from the date of the service of the writ and the complainant becomes a lienholder against such property, the suit, as stated in the Vining case, being an action in rem. A lienholder would be protected and would be within the purview of Section 870 above quoted.

 The lower court was correct in awarding the proceeds of the sale of the car to Clark. The policy of insurance issued on the car provided that the proceeds of such insurance would be payable to the insured Bowen and Associates Discount Corporation as their interests might appear. It is agreed that the amount of the debt due Associates Discount Corporation exceeded the amount of the insurance due. The right of Associates Discount Corporation to the insurance vested when the damage was done to the car. 46 C. J. S., Section 1183, page 93. Section 870 of the Code does not destroy the debt due by Bowen or the unrecorded mortgage. Insurance is the subject of contract. One who has a mere lien on the property insured has no claim on the insurance money for a claim on the insurance money may arise only out of contract. Federal Land Bank vs. Thames, 160 Miss. 335, 134 So. 154. Policies of insurance are not incidents of or to the property. They are contracts between the insurers and the assured for indemnity of the assured, and not for loss or damages which another person may have sustained because of the destruction of the property. Collette, et al. v. Long, 179 Miss. 650, 176 So. 528. There are other authorities cited in these two Mississippi cases. We think, however, it is sufficient to say that under the contract of insurance the proceeds of the insurance became payable to Associates Discount Corporation; that the attachment of the car

did not change the insurance contract and that when the writ of garnishment was served on the insurance company, the insurance company was not indebted to Bowen but was indebted to Associates Discount Corporation.

The lower court was in error in awarding the proceeds of the insurance to Clark and that portion of the decree is reversed, and it is directed that the proceeds of the insurance be paid to Associates Discount Corporation, and judgment to that effect is entered here.

Affirmed in part and reversed in part.

*Lee, P.J.,* and *Arrington, McElroy* and *Rodgers, JJ.,* concur.