467 So.2d 932 (1985)
Shirley BRIGGS, d/b/a Briggs Tobacco & Specialty Company
v.
Jerry BENJAMIN, d/b/a Win-Way Dollar Store and State Farm Fire & Casualty Company and State Farm General Insurance.
No. 55482.
Supreme Court of Mississippi.
April 10, 1985.
Rehearing Denied May 15, 1985.
*933 J.B. Garretty, Corinth, for appellant.
Dan W. Webb, Robert H. Faulks, Holcomb, Dunbar, Connell, Chaffin & Willard, Oxford, for appellee.
Before WALKER, DAN M. LEE and ROBERTSON, JJ.
DAN M. LEE, Justice, for the Court:
On August 30, 1983, the Circuit Court of Prentiss County entered a default judgment for Shirley Briggs against Jerry Benjamin. On September 28, 1983, Briggs filed a suggestion of garnishment in the same court. That document recited the default judgment and further suggested that State Farm Fire and Casualty Company was indebted to Benjamin as the result of a fire loss under an insurance policy it had issued to him. Briggs sought to garnish the policy proceeds to satisfy the judgment.
State Farm Fire and Casualty Company replied by filing a motion to dismiss for failure to state a claim upon which relief could be granted and in the alternative, for summary judgment. The motion to dismiss was premised upon State Farm Fire and Casualty's allegation that in Mississippi a lien holder has no claim to the proceeds of an insurance policy between the owner of the property to which the lien attaches and the insurer. The motion for summary judgment set forth that the garnishment action was filed against State Farm Fire and Casualty Company while it relied on an insurance policy issued by State Farm General Insurance Company. An affidavit by Attorney Dan W. Webb representing State Farm Fire and Casualty Company was attached to the motion. That affidavit stated that State Farm Fire and Casualty Insurance Company had not issued a policy to Jerry Benjamin.
Upon consideration of the suggestion of garnishment and the motions opposing it, the circuit court entered an order dismissing this cause with prejudice. In ruling on the motions the trial judge relied on Associates Discount Corp., v. Clark, et al, 240 Miss. 723, 128 So.2d 535 (1961). In that case Clark was injured as the result of an automobile collision with Bowen. Clark sued Bowen and the company having possession of Bowen's car which had been damaged in the collision. Also, the insurance company which held the collision insurance on Bowen's car was made a party. Associates Discount Corp. filed an intervention petition alleging that it held a chattel mortgage on the car and that as mortgagee it was entitled to the proceeds of the insurance on that car by reason of the mortgage. This Court held:
Insurance is the subject of contract. One who has a mere lien on the property insured has no claim on the insurance money for a claim on the insurance money may arise only out of contract... . Policies of insurance are not incidents of or to the property. They are contracts between the insurors and the assured for indemnity of the assured, and not for loss or damages which another person may have sustained because of the destruction of the property.
240 Miss. at 731, 128 So.2d at 537.
The Clark decision dealt entirely with the right of a lienholder to garnish insurance policy proceeds. The instant action was not one to merely enforce a lien, it was *934 a garnishment action. As such, the trial court erred in its reliance on the Clark decision. This Court has frequently recognized that insurance policy proceeds are properly the subject of garnishment. American National Insurance Co. v. United States Fidelity and Guaranty Co., 215 So.2d 245 (Miss. 1968). That case cites numerous authorities for this proposition:
Accordingly, various types of insurance policies have been recognized as subject to garnishment. Nationwide Mutual Ins. Co. v. Tillman, 249 Miss. 141, 161 So.2d 604 (1964) (automobile liability); Commercial Casualty Ins. Co. v. Skinner, 190 Miss. 533, 1 So.2d 225 (1941) (public carrier's liability); Ackerman v. Tobin, 22 F.2d 541 (8th Cir.1927), cert. denied 276 U.S. 628, 48 S.Ct. 321, 72 L.Ed. 739 (1927) (robbery insurance); Meridian Land and Industrial Co. v. Ormond, 82 Miss. 758, 35 So. 179 (1903) (fire insurance); Crescent Ins. Co. v. Moore, 63 Miss. 419 (1886) (fire insurance); 22 Appleman, Insurance Law and Practice §§ 14561-67 (1947).
215 So.2d at 248.
Because the trial court incorrectly viewed this action as an attempt to enforce a lien, it erred in dismissing for that reason; however, a long-standing rule of this Court is that we will not reverse a lower court's decision where that court reaches the right conclusion although for the wrong reason. Huffman v. Griffin, 337 So.2d 715 (Miss. 1976); Texas Gas Transmission Corp. v. City of Greenville, 242 So.2d 686 (Miss. 1970); Yazoo & Miss. Valley Railroad Co. v. Adams, 81 Miss. 90, 32 So. 937 (1902). We are of the opinion that the summary judgment should have been granted although not for the reasons stated in the circuit court's opinion.
It is evident from the motion for summary judgment, the affidavit of attorney Dan Webb and the insurance policy attached thereto that State Farm Fire and Casualty Company had not issued an insurance policy to Jerry Benjamin. Therefore, there are no policy proceeds from State Farm Fire and Casualty Co. subject to garnishment. The record is abundantly clear that State Farm General Insurance Co. issued the policy in question. This was admitted in Briggs' answer to the motions. Therefore because Briggs sought to garnish proceeds from the wrong insurance company, we affirm the granting of summary judgment in this cause. It is important to recognize that although the suggestion of garnishment against State Farm Fire and Casualty Co. has been dismissed Briggs is free to pursue all appropriate remedies against State Farm General Insurance Co. including a suggestion of garnishment against the proceeds of the policy asserted in this cause. Nothing in our opinion today should be read so as to limit that right.
Based on all of the foregoing, we hereby affirm the decision of the Circuit Court of Prentiss County granting summary judgment to State Farm Fire and Casualty Co.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.