CHARLOTTE M. BURLINGAME *vs.* HENRY C. GOODSPEED & another.

Barnstable. January 24, 1890. — January 9, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Collateral Security — Insurance by Pledgee.*

A person acting for a creditor took from the debtor an absolute bill of sale of his interest in a vessel as security for the debt, agreeing in writing as "trustee" to reconvey the same when the debt was paid. After the debtor's death, he took charge of the vessel, and, without any agreement or understanding with the debtor's administratrix, insured such interest as "trustee," and after a loss collected insurance money in excess of the debt. *Held*, that the administratrix was not entitled to the benefit of such insurance. (FIELD, C. J., and W. ALLEN, J., dissenting.)

BILL IN EQUITY, filed by the administratrix of the estate of Pardon A. Burlingame against Henry C. Goodspeed and Franklin Reed, for an accounting. Hearing before *Devens*, J., who reported the case for the consideration of the full court, in substance as follows.

Service was had upon Goodspeed alone, and he alone defended. The intestate was indebted to Reed in a sum of money, which was subsequently fixed by a judgment recovered against his estate at $585.67, and Goodspeed, at Reed's request, applied to him for security for the payment of the debt. The intestate thereupon delivered to Goodspeed a bill of sale of his share in a vessel, and at the same time they entered into the following agreement, dated November 8, 1881:

" Whereas, Pardon A. Burlingame, of Barnstable, has this day given to Henry C. Goodspeed, trustee, of Boston, a bill of sale of $\frac{10}{32}$ of the schooner Laura A. Burlingame, absolute in form, the parties thereto agree as follows: That upon payment to said Goodspeed, trustee, the amount, if any, that shall be found to be due to Franklin Reed of Bath, Maine, on account of the earnings of said schooner since the year 1873, or when said Burlingame became ship's husband, said amount to be determined by conference to the said parties; and in case of their

failure to agree, then by Horace Loring of Boston, whose finding shall be final; then upon such payment said Goodspeed is to reconvey said $\frac{10}{32}$ of said schooner to said Burlingame.

" P. A. Burlingame.

H. C. Goodspeed, Trustee."

Subsequently, upon the death of the intestate, Goodspeed took charge of the vessel as ship's husband, and out of the earnings thereof retained the sum of $270.01 the portion due upon the share so held by him, and notified Reed that he had that amount in his hands. He also procured insurance upon the share in the sum of $1,000, and, after a total loss of the vessel, received from the insurance company, after deducting the premium note and interest, the sum of $870.20. No request was shown on the part of the plaintiff that there should be any insurance obtained on the share of her intestate, nor was there any evidence of any custom on the part of the manager of the business to insure the various interests of other parties in the vessel, nor was any insurance procured by him on other interests in the vessel.

The plaintiff contended that Goodspeed should now account for the sums so retained by him, and pay them into court, with interest, in order that the amount to be held for the payment of the judgment obtained by Reed might be ascertained and the balance paid over to her. In procuring the insurance on the interest in the schooner conveyed to him by Burlingame, and in receipting and receiving the insurance money after the loss of the vessel, the defendant described himself as " trustee."

The judge was of opinion that Goodspeed should be ordered to account for the sum of $270.01, with interest from the date when it was received, and should be ordered either to pay the same into court, or to obtain the indorsement of that amount on the judgment obtained by Reed; that the plaintiff was not entitled to demand of Goodspeed the amount received by him for insurance of the $\frac{10}{32}$; that there was no duty upon him, by reason of his acceptance of the bill of sale and his contemporaneous agreement, to keep this interest of the plaintiff insured for her benefit; and that it was not shown that there was any such duty by reason of the fact that he acted as ship's husband and managed the affairs of the vessel; and ordered a decree for the plaintiff accordingly.

The case was argued at the bar in January, 1890, and after-

wards, in January, 1891, was submitted on the briefs to all the judges.

*J. M. Day & T. C. Day*, for the plaintiff.

*H. M. Knowlton & C. S. Knowles*, for Goodspeed.

C. ALLEN, J. The substantial facts in this case are as follows. Reed was a creditor of Burlingame, the plaintiff's intestate. By Reed's request, Goodspeed applied to Burlingame for security, and received from him a bill of sale of $\frac{10}{32}$ of the schooner. The bill of sale is not before us, but at the time of receiving it Goodspeed delivered to Burlingame a written agreement signed by himself as trustee, reciting that Burlingame had given the bill of sale " to Henry C. Goodspeed, trustee," and promising to reconvey the $\frac{10}{32}$ of the schooner to Burlingame upon payment to Goodspeed, trustee, of the amount that should be found to be due to Reed. Burlingame afterwards died, and Goodspeed took charge of the schooner, and procured insurance upon the $\frac{10}{32}$, describing himself as trustee; and after her loss received from the insurance company $870.20, being the full sum due after deducting the premium note and interest, and he remitted $500 thereof to Reed on account. No request was made by Mrs. Burlingame, who was administratrix of her husband's estate, that insurance should be obtained, nor was there any evidence of a custom on the part of the manager of the business to insure the various interests of other parties in such vessels. The policy obtained by Goodspeed is not before us.

The only question in dispute is, whether Mrs. Burlingame, as administratrix of her husband's estate, is entitled to the benefit of the insurance money collected by Goodspeed, or of any part thereof; and, in the opinion of a majority of the court, she is not. By the bill of sale and agreement for reconveyance Burlingame became a mortgagor of $\frac{10}{32}$ of the schooner, and Goodspeed became mortgagee in trust for Reed. The rule was very recently reaffirmed by this court, that where a mortgagee, at his own expense and without any agreement or understanding with the mortgagor, obtains insurance upon his interest as mortgagee, and collects the money from the insurer after a loss, he is not bound to account for it to the mortgagor. *International Trust Co.* v. *Boardman*, 149 Mass. 158, 161. The present case falls within this rule. Goodspeed in taking the bill of sale acted merely as the agent of Reed, and for Reed's benefit, and

he was in no sense the agent of Burlingame. His relation to Burlingame was merely that he agreed to reconvey to him the interest in the schooner upon payment by him to Goodspeed, trustee, of the amount that should be found to be due to Reed. In other words, Burlingame was mortgagor, and Goodspeed was mortgagee. Goodspeed did not assume to effect the insurance for the benefit of Mrs. Burlingame as administratrix of her husband's estate. He had no authority to act for her in procuring the insurance, and did not assume to do so. He could not have looked to her for the premium. The act was not, in fact, done for her benefit, and she could not adopt and ratify it as an act of agency for her, because it was not done in her name, and it did not purport to be done by her or for her benefit. We do not see how it can be said that in any sense he acted for her.

Whatever liability Goodspeed may have incurred by reason of his acts in reference to the insurance, the plaintiff has no concern therewith.                    *Decree accordingly.*

W. ALLEN, J. The Chief Justice and myself feel obliged to dissent from the decision of the court. Burlingame, the plaintiff's intestate, being indebted to Reed, gave to the defendant Goodspeed, who was acting in behalf and at the request of Reed, a bill of sale of shares of a vessel, and took back from the defendant an agreement to reconvey the shares on the payment of the debt to him. The bill of sale and the agreement designated Goodspeed as trustee. Goodspeed insured the property. There was a total loss, and he has collected and now holds the insurance money. The debt has not been paid, and the money in the hands of the defendant is more than sufficient to pay it; and the question is whether the plaintiff is entitled to the benefit of the insurance money by having it applied on the debt, and the balance paid over to her.

The transaction between Burlingame and Goodspeed constituted a mortgage, in which Burlingame was the mortgagor, and Goodspeed the legal and Reed the equitable mortgagee. The legal title of the property was in Goodspeed, but the equitable title as mortgagee was in Reed, and Burlingame had the equity of redemption. Burlingame and Reed had each an insurable interest in the property, and Goodspeed, by virtue of holding the legal title, could insure it for the benefit of either or both, at

their request, and subject to their ratification. Whether the insurance which he effected was for the benefit of one or both of the equitable owners of the property, is matter of construction from the terms of the policy and the circumstances under which it was procured, and is mainly a question of intention. Had the insurance been to him as trustee, and of his interest as trustee, it might have been construed as an insurance of the interest of the mortgagee, and not for the benefit of the mortgagor, and as coming under such cases as *King* v. *State Ins. Co.* 7 Cush. 1, and *Suffolk Ins. Co.* v. *Boyden,* 9 Allen, 123. But several circumstances are to be considered. Although he was trustee for Reed, and although he held the legal title subject to the same condition on which it would have been held by Reed had there been no trustee, yet in law and authority in fact he was under as much obligation to insure the interests of both parties as of either ; he insured in terms applicable to both, and not to either one, and he made the money payable, not to one of the two, nor to himself as trustee, but to himself individually. The apparent intent of the insured, and the natural and reasonable meaning of the policy, were to protect to the full value of the property the interests of the different equitable owners of it, and that the insurer should hold the money paid upon a loss as he held the property, primarily to pay the debt, and then to pay the mortgagor.

It may be doubted whether, had there been no loss, Goodspeed could have recovered from either party the premiums he had paid. But that is immaterial ; both parties have ratified his acts ; they differ only as to the construction to be given to them. The defendant did not stand in the position to Burlingame of mortgagee or mortgagor. He was selected to stand between the mortgagee and the mortgagor, and the fact that he accepted that position would make it more proper and more probable that he would regard the interest of both in the property, than if he were the real mortgagee. The fact that the parties selected him to hold the legal title, and that the mortgage made no provision for insurance, may have suggested to him that it was his duty to procure such insurance as would protect the interests of both parties. The terms of the policy * indicate such an intention,

---

* No copy of this policy was among the papers sent by the Court to the Reporter.

and they should be construed in view of the fact that Goodspeed was not expressly authorized by either party to insure his interest. The policy is not to him as trustee for Reed, nor is he designated in it as trustee. It insures " H. C. Goodspeed for account of whom it may concern, loss if any payable to him." The insurance was for more than was paid on the total loss, and much in excess of the amount of the debt. The policy on its face is no more for the benefit of Reed than of Burlingame. Goodspeed had as much right to act for one as the other.

I think that the amount of the debt should be paid from the insurance money in the defendant's hands, after deducting the amount of premiums paid by him, and the balance remaining should be paid to the plaintiff.