KING *v.* KING.

(Division A.   Oct. 3, 1932.)

·[143 So. 422.   No. 30115.]

Holmes & Potter, of Jackson, for appellant.

Leftwich & Tubb, of Aberdeen, for appellee.

**McGowen, J.,** delivered the opinion of the court.

The complainant, Charles Hill King, exhibited his bill in equity against Mamie Louise King and several insurance companies in which it was alleged that Charles Hill King owned a fee in certain real and personal property as remainderman, and that the defendant, Mamie Louise King, owned a life interest in said property, which she had insured for her benefit for the sum of ten thousand dollars on the building and the household furnishings therein. The bill further alleged that the property had been destroyed by fire resulting in a total loss in the amount of the policies, and that Mamie Louise King, as life tenant, was a trustee for the remainderman and should be required to hold the proceeds of the insurance policy and allowed only her life interest therein, and prayed that a trustee be appointed to administer said fund, and that Mrs. King, the life tenant, be allowed to rebuild the house and restore the furnishings, or that the fund be held and she be allowed interest on it during her lifetime or widowhood, and that the fund, in the event the property was not restored, be held in trust for the benefit of the remainderman.

There was no allegation as to the true value of the property at the time the insurance contract was made nor after date of the fire. The suit was filed in Hinds county, Mississippi, and on motion for a change of venue

the cause was removed to the chancery court of Chickasaw county. Mrs. King there interposed a demurrer to the bill on the general ground that there was no equity on the face of the bill, and specifically the bill showed that there was no duty resting on her to insure the property for the benefit of the remainderman, Charles Hill King. The demurrer was sustained, and the remainderman prosecutes an appeal here.

There is no question but that the life tenant paid the premium for the several insurance policies on the real and personal property insured by the various insurance companies. The insurance companies paid the money into court and raised no question as to their liability to the appellee, Mrs. King. It is agreed that she paid the premiums from her own funds, and there is no allegation or contention that there was any contract of any kind relative to the property or to its insurance between the appellant and the appellee.

The question is argued and presented here as though the life tenant had insured not only her interest but the entire fee in the property insured and destroyed by fire, and the precise question presented is: Can the life tenant keep the full amount of the insurance effected by her contracts of insurance as her own and not account to the remainderman for any part of the insurance so effected by her?

(1) The appellant, the remainderman, contends that public policy in construing the insurance contract will not impute bad faith, or allow the life tenant to insure and collect for destruction of the fee; at the same time keeping the proceeds of the destroyed building, nor replacing them; but that public policy invoked will construe that she secured protection for both herself and the remainderman. (2) That the life tenant was a trustee for her remainderman, and that the insurance procured is available to both. (3) That the life tenant owed a duty

to the remainderman to exercise ordinary care in preserving the property which now imposes on her the duty to insure the property. (4) That the law imputes to life tenants thus insuring the property the duty of making a fair division of the policies thereof. (5) That to the extent of the remainder interest under these circumstances a policy of fire insurance runs with the land. (6) That the amount actually and equitably owned by Mrs. King and the estate devised to her can be left intact for both parties fairly and equitably; and that if the relief is denied Mrs. King is enriched without cause and the remainderman suffers loss because of the fire insurance during her occupancy.

In support of his contention appellant presents and relies upon four main cases, to-wit: Sampson v. Grogan, 21 R. I. 174, 42 A. 712, 44 L. R. A. 711; Green v. Green, 50 S. C. 514, 27 S. E. 952, 62 Am. St. Rep. 846; Welsh v. London Assur. Corp., 151 Pa. 607, 25 A. 142, 31 Am. St. Rep. 786; and also Clark v. Leverett, 159 Ga. 487, 126 S. E. 258, 37 A. L. R. 180. The South Carolina court seems to be committed to the doctrine that where the life tenant insures the property for its full value, he holds the proceeds of the insurance policy to the extent of his interest, and that the excess of his interest therein should be paid to or preserved for the benefit of the remaindermen. notwithstanding the fact that the contract is between the insurance company and the life tenant, and notwithstanding the fact that the life tenant pays the full amount of the premiums thereon.

In the case of Sampson v. Grogan, supra, on facts similar to the case at bar with no material difference, the court held that the mere acceptance by a life tenant of a devise of real estate containing a direction to keep in repair does not impose upon him the duty to rebuild, and further held that a life tenant receiving insurance for the loss of a building by fire must hold any excess of the amount received over the value of his life interest as a

trustee for the remainderman, unless the money is used to rebuild.

The case of Welsh v. London Assurance Corporation, from Pennsylvania, supra, in our opinion is not in point. The suit there was between the life tenant and the insurance company, and the defense interposed by the insurance company there was rejected by the court, and the life tenant was permitted to recover the full amount of the insurance. There are some statements as to the relation between the life tenant and the remainderman in the insurance favorable to appellant's contention, but that court seems never to have adopted its obiter dicta as a rule of law.

In the case of Clark v. Leverett, supra, from the state of Georgia, the court there held upon all the circumstances as disclosed by the record that where the life tenant has paid the premium with his own funds, and upon the destruction of the dwelling by fire has collected the full insurance equal to the value of both life and remainder estates, the proceeds of the insurance stand in the place of the property destroyed and should be used to rebuild the dwelling or should be held for the benefit of the remaindermen; the life tenant only being entitled to the interest on the fund during his life. It is to be noted that in the Georgia case the life tenant was also the guardian of the remainderman and took out the insurance in his own name and collected the insurance on destruction of the dwelling by fire and made no accounting to his ward. In that case the Georgia supreme court discussed what it designated as the Massachusetts, Rhode Island, and South Carolina rules, and it may well be said that the court found that an express trust existed between the guardian and the ward in view of a special statute in existence in that state. The Georgia case was decided by a divided court, two of the judges dissented and favored the Massachusetts doctrine. The majority opinion cites the Welsh case, supra, as authority, and also

the case of Smith v. Cameron, 158 Mich. 174, 122 N. W. 564. We do not construe the latter case to support appellant's contention, as that was a case of guardian and ward as remainderman and life tenant, respectively; but if it did, it was later repudiated by the court in the case of Blanchard v. Kingston, 222 Mich. 631, 193 N. W. 241. That court then and there squarely aligned itself with the Massachusetts doctrine.

In the case of Cannon v. Barry, 59 Miss. 289, Chief Justice CHALMERS, in describing the conduct of the life tenant, who had permitted the main dwelling on the property to go into decay and waste—that is, completely lose its value—said: "He has been guilty of permissive waste in suffering the mansion to go to decay, . . . but courts of equity take no jurisdiction of permissive waste by a life tenant. Their constant interference in such matters would render the enjoyment of the life estate impossible." It is not the duty of a life tenant to restore property destroyed by fire under circumstances for which he is not civilly otherwise liable.

It is not disputed that the life tenant here had an insurable interest in the described premises; and under section 5183, Code of 1930, the insurance companies are required to pay the full face value of the policy.

In the case of Bernheim & Co. v. C. & P. Beer, 56 Miss. 149, this court held that the money due on a policy of insurance, procured by a married woman on buildings situated on property the title to which has been conveyed to her in fraud of her husband's creditors, is not the proceeds of the property, and cannot be subjected by the husband's creditors to the payment of his debts. Under these circumstances she can make a valid contract of insurance, which, being between the insurer and insured, exclusively for the indemnity of the latter, cannot be defeated by third persons. The court used this language:

"We are of opinion that the insurance money owing to Mrs. Beer is not the proceeds of the property, and

that it cannot be taken from her by the creditors of her husband. As said in Lerow v. Wilmarth, Trustees, 9 All. [Mass.] 385: 'The contract (of insurance) was valid, which she had a right to make, and cannot be defeated by third persons,' who claimed that it was defeasible if creditors assailed it.

"In their very nature, policies of insurance are not incidents of the property. They are contracts between insurers and assured for indemnity of the assured, and not for loss or damages which another person may have sustained because of the destruction of the property, no matter what the interest of that person may be, as mortgagee, creditor, or otherwise. If another person has an interest in the property, he may insure for himself; nor can he set up a claim to money which has become due to another, unless that other be his debtor, and the money is garnished or attached. Carpenter v. Provident Washington Ins. Co., 16 Pet. (U. S.) 495, 10 L. Ed. 1044; Nippes' Appeal, 75 Pa. 478, 479.''

Counsel for appellant cites no case in which it has been held that a life tenant is liable for voluntary or permissive waste in failing to keep the property insured. We think it is quite clear in the case at bar that the life tenant had an insurable interest and that the remainderman had an insurable interest in the same property, and in making the contract of insurance there was no duty imposed upon the life tenant to preserve the interest of the remainderman in the common property. She exercised her right to insure it, and under the valued policy of law, cited supra, she was entitled to recover the full amount thereof; it was a matter of contract between her and the insurance company. If she insured the property in excess of her interest, that was a matter between her and the insurance company. It was a matter of contract in which the remainderman here had no interest. Because he failed to exercise his right to insure his interest in the property is no reason for permitting him to claim an

interest in the independent contract between the life tenant and the insurance company, nor can the courts invade it. The right of contract is a public policy in this state. We are therefore of the opinion that in the absence of a duty laid by contract or otherwise upon the life tenant to insure for the benefit of the remainderman the property in which they both have an interest, and in the absence of any agreement that the life tenant shall so do, the remainderman has no interest in the proceeds of the policy procured and paid for by the life tenant. In securing insurance it is a matter of contract between the life tenant and the insurance company, and there is no allegation that the life tenant here did anything which prevented or interfered with the remainderman's unquestioned right to insure his own interest. See especially the cases of Harrison v. Pepper, 166 Mass. 288, 44 N. E. 222, 33 L. R. A. 239, 55 Am. St. Rep. 404; Spalding v. Miller, 103 Ky. 405, 45 S. W. 462; Bennett v. Featherstone, 110 Tenn. 27, 71 S. W. 589; Thompson v. Gearhart, 137 Va. 427, 119 S. E. 67, 35 A. L. R. 36; Brownell v. Board of Ed., 239 N. Y. 369, 146 N. E. 630, 37 A. L. R. 1319; Miller v. Gold Beach Packing Company, 131 Or. 302, 282 Pac. 764, 66 A. L. R. 858; 26 C. J. 434, secs. 581 and 582; 26 C. J. 34, sec. 17; and 14 R. C. L. 87, and authorities there cited.

This court is committed to the doctrine that fire insurance is an indemnity to the insured and the proceeds thereof do not run with the land.

Affirmed.