## Jones *v.* Gidwitz *et al.*

(Division A.   March 30, 1936.)

[166 So. 915.   No. 32156.]

Chalmers Potter and Henry E. Barksdale, both of Jackson, for appellant.

92

Pollard & Hamner, of Greenwood, for appellees.

**McGowen, J.**, delivered the opinion of the court.

Ed Jones died testate November 1, 1928, leaving large plantations, money, stocks, bonds, and other property, including his homestead consisting of eighty acres of land. On December 27, 1930, Mrs. Pearl Perkins Jones (Mrs. Ed Jones), widow of the testator, and Ed Jones, Jr., his son, as executors and trustees under his will, and individually, joined with David Jones, Ben Jones, and Mrs. J. L. Hopkins—all five being the heirs, legatees,

and devisees of Ed Jones, the deceased—and with other parties not involved in this litigation, in a trust deed covering the above-mentioned homestead property, and in favor of J. Gidwitz and Phillip Pelts, of Chicago, Ill., to secure a note for sixty-five thousand dollars.

The residence on the homestead property was insured under two policies, one payable to Mrs. Ed Jones for twelve thousand five hundred dollars, and one payable to the estate of Ed Jones for two thousand dollars, with standard mortgage clauses in both policies in favor of J. Gidwitz and Phillip Pelts. Both policies were in force when the homestead was destroyed by fire in April, 1933. Both insurance companies denied liability, but finally a settlement was reached between the insurance companies and all parties interested by which the companies were to pay seventy-five per cent of the face value of the policies.

In the case at bar, the Citizens Insurance Company of New Jersey filed its bill of interpleader, setting forth that the beneficiaries and grantees in the mortgage claimed the proceeds of the insurance, and prayed that the several claimants be summoned into court to contest with each other their claims to the proceeds of the insurance policies; the appellees, the mortgagees, claiming the money by virtue of the trust deed, and the mortgagors, the heirs of Ed Jones, claiming that the deed executed by them was wholly void and therefore the proceeds of the insurance belonged to them free from any claim of the mortgagees.

By item II of the will, the testator, Ed Jones, bequeathed and devised his homestead, and all outhouses used in connection therewith, to his wife, so long as she lived. It was specifically directed therein that she have the use of all rents, issues, and profits of said land during the period of her natural life; and the trustees named in the will were directed to pay the fire insurance premiums during the period of the trust, which was for

seven years. They were likewise, during that period, required to pay all taxes on the homestead.

By item 4 of the will, the testator bequeathed and devised to his widow, Mrs. Ed Jones, and his son, Edward. Jones, Jr., as trustees, several plantations and a large amount of personal property in trust for a period of seven years. The will then set up a long and involved trust, and provided, after the completion and expiration of the trust created, that all the trust estate should be delivered to his widow and his children, share and share alike, subject to the conditions and limitations thereinafter imposed upon his children. Inserted in the will by the testator was a provision that the proceeds of certain life insurance policies, payable separately to his wife and named children, should be paid into the trust for the general purpose of discharging liens upon the trust property, and that any child who did not comply with his instructions as to the disposition of the insurance money should not take any interest in the property conveyed in the trust.

It was further provided in the will that three hundred dollars a month should be paid over to his wife for her support and maintenance as a charge upon the trust estate.

In item 4 of the will, there appears, after describing several plantations and other lands owned by him situated in other states, the following clause: ''Also the lands owned by me (here follows description) subject, however, to the life estate herein created in favor of my wife, Pearl Perkins Jones.'' The land mentioned in the foregoing quoted clause was the eighty-acre homestead.

By item 15 of the will, the wife and children, who were the ultimate beneficiaries thereunder and who had the beneficial interest in the trust created thereby, were prohibited from the sale, transfer, or assignment of any interest in the trust estate, or from transferring, selling, or assigning any of their interest in and to the in-

come or accumulations derived therefrom; and the trustees were enjoined to refrain from recognizing any such assignment, transfer, or alienation of any interest in the trust estate, or in the income derived therefrom.

The court below held that the mortgagees, the appellees, by virtue of the mortgage clause in the policies of insurance, and under the terms of the mortgage, were entitled to the proceeds of the fire insurance on the building located on the homestead.

Applying all the well-known rules adopted by this court for the construction of wills, we are content to say that the homestead, by the terms of the will, was devised as a life estate to the appellant, Mrs. Jones. She was, therefore, notwithstanding the provisions in the will that none of the property conveyed to the trustees should be conveyed or encumbered during the life of the trust, free to encumber her estate therein.

It will be observed that by item II of the will, a life interest or life estate was vested in the testator's widow, and that the land, in the trust, is described as being included therein subject to the life estate of the wife, and that all lands devised to the trustees and constituting the trust estate should, at the end of seven years— the termination of the trust—vest absolutely in fee simple, share and share alike, in the widow and children, provided the children have paid the life insurance money which they received as beneficiaries into the trust estate. It is impossible to reconcile the terms of the will which provided that the homestead, as well as the other plantations, should descend to the widow and children, share and share alike, and at the same time devote the homestead property to the support and separate estate of the wife. The only logical solution of this inconsistency in the will is that the manifest intention of the testator was to preserve the homestead intact, and vest a life estate therein in his widow. The whole will evinces the utmost confidence in his wife, and manifests

the testator's interest in her as one of the predominant features of the will. In this situation, the most logical, reasonable, and practical construction of the will is that the homestead was devised as a life estate to the wife.

There was no disposition of the homestead, by the terms of the will, at the end of the trust; and the failure of the testator to provide for the final disposition of the homestead is a clear indication that he intended leaving the homestead property free from the provisions of the trust—in other words, that he never intended so long as his wife lived that the homestead property should form any part of the trust estate. It is impossible for the life estate and the fee-simple estate to exist at the same time when the trust, by its terms, expired at the end of seven years. It was not the intention of the testator to limit the life estate of his widow to a period of seven years. The trust estate set up in the will here is in no sense a spendthrift trust; it has none of the elements or earmarks of such a trust. The will is not set out at length because it is long and involved, and much of it does not refer in the slightest degree to the question presented by this appeal.

Having determined that the appellant, Mrs. Jones, has a life estate in the homestead and policy of fire insurance payable to her, the property having been encumbered by her, and the policies containing the loss payable clause or mortgage clause, the proceeds thereof inured to her and her mortgagees, the appellees. Her interest therein was insured against loss by fire; she had transferred it to Gidwitz and Pelts, the appellees, and they are entitled thereto. King v. King, 163 Miss. 584, 143 So. 422, and the authorities there cited.

Having reached the conclusion that the homestead was devised to the widow during her natural life as a life estate, it could not have been a part of the trust and at the same time subject to that certain life estate.

We do not deem it necessary to consider the further interesting question as to whether or not the prohibition against the alienation of the trust property would be effective as against the action of the heirs and devisees in executing the mortgage on this land.

Affirmed.