**Brenda ELLERBUSCH, Personal Representative of the Estate of Frederick William Ellerbusch, IV, Deceased, Appellant–Plaintiff,**

v.

**Herb MYERS, Personal Representative of the Estate of Anna H. Ellerbusch, Deceased, Appellee–Defendant.**

No. 87A01–9610–CV–314.

Court of Appeals of Indiana.

Aug. 19, 1997.

Jeffrey A. Wilhite, White and Associates, Evansville, for Appellant–Plaintiff.

F. Stephen Sheets, Evansville, for Appellee–Defendant.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

In this case of first impression, we are asked to determine the rights of remaindermen to fire insurance proceeds collected by the life tenant when the improvements are destroyed. Brenda Ellerbusch, as the Personal Representative of the Estate of Frederick William Ellerbusch, IV, ("Brenda") filed suit against Anna Ellerbusch ("Anna") to recover a portion of the insurance proceeds paid to Anna after a total loss.[1] The trial court granted partial summary judgment against Brenda and in favor of Anna. Brenda now appeals.

We affirm.

### ISSUE

Brenda presents several issues for our review which we consolidate and restate as whether a life tenant has a duty to hold insurance proceeds received after a loss to the property in trust for the benefit of the remaindermen.

### FACTS

On June 10, 1985, Anna executed a warranty deed which granted a 50 percent remainder interest to each of her sons, Frederick William Ellerbusch IV, and Ronald H. Ellerbusch (collectively, "Remaindermen"), and reserved a life estate for herself in property consisting of 88 acres and a house. On August 9, 1995, the house was totally destroyed by fire. At the time, the house was insured for its repair or replacement value up to $130,000.00 by Illinois Farmers Insurance Company ("Illinois Farmers"). Anna had procured the policy and had paid all premiums from her personal funds. Illinois Farmers paid Anna the fair market value of

---

1. Anna died during the pendency of this action. Upon a motion by her estate, we substituted Herb Myers, the Personal Representative of the Estate of Anna H. Ellerbusch, as the named appellee.

the home.[2] Anna did not use the proceeds to repair or rebuild the house.

On April 16, 1996, Brenda Ellerbusch, as the Personal Representative of the Estate of Frederick William Ellerbusch IV, filed a complaint against Anna.[3] Count I alleged that Anna's failure to maintain the property constituted a nuisance which damaged or could · damage the value of the property. Brenda sought damages to compensate her for any loss in value to the property, or in the alternative, an order that Anna maintain the property or surrender her life estate to the Remaindermen. Count II alleged that because Anna had committed past frauds against the Remaindermen, she was likely to convert the insurance proceeds for her own use. Brenda asked the court to order that Anna hold the Remaindermen's share of the insurance proceeds in constructive trust.

Anna moved for partial summary judgment on Counts I, II and IV[4] of Brenda's complaint. Brenda also moved for partial summary judgment on Count II. After a hearing, the trial court granted summary judgment on Counts I and II in favor of Anna. Brenda now appeals.

## DISCUSSION AND DECISION

### Standard of Review

■ When reviewing the grant or denial of summary judgment, we apply the same standard used by the trial court. *Ramon v. Glenroy Const. Co.*, 609 N.E.2d 1123, 1127 (Ind.Ct.App.1993), *trans. denied.* Summary judgment is appropriate only when the evidentiary matter designated by the parties shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The movant bears the burden of establishing the propriety of summary judgment, and all facts and inferences to be drawn therefrom are viewed in a light most

favorable to the non-movant. *Ramon*, 609 N.E.2d at 1127.

### Insurance Proceeds

Brenda contends that Anna has breached her fiduciary duty to the Remaindermen by retaining all of the fire insurance proceeds. In response, Anna maintains that she does not owe a duty to the Remaindermen to hold the proceeds in trust for them and that she is entitled to retain the full amount of the proceeds.

■ Although there is some authority to the contrary, the rule adopted by the majority of states holds that where a life tenant insures the property in his own name and for his own benefit and pays the premiums from his own funds, the life tenant is entitled to the entire proceeds of the insurance upon a loss to the property, even if the insurance covers the full worth of the property. 51 AM. JUR. *Life Tenants and Remaindermen* § 158 at 415–16 (1970); *Harrison v. Pepper*, 166 Mass. 288, 44 N.E. 222, 223 (1896). There are several recognized exceptions to the majority rule. A life tenant must provide insurance for the benefit of the remainderman if the instrument creating the estate expressly so provides, if the life tenant and remainderman so agree, or if a fiduciary relationship exists between the life tenant and the remainderman apart from the incidents of the tenancy. *See Convis v. Citizens' Mut. Fire Ins. Co.*, 127 Mich. 616, 86 N.W. 994, 997 (1901) (life tenant's duty to insure arises by agreement); *Bell v. Barefield*, 219 Ala. 319, 122 So. 318, 319 (1929) (instrument can create duty to insure); *Clark v. Leverett*, ·159 Ga. 487, 126 S.E. 258, 259 (1924) (life tenant who is guardian to remainderman must hold proceeds in trust).

In contrast, a minority of courts has concluded that a life tenant is entitled to all of the insurance proceeds only when the policy of insurance merely covers the life tenant's interest. *See e.g., Sampson v. Grogan*, 21

---

**2.** The record does not indicate the exact amount that Illinois Farmer's paid to Anna.

**3.** The bankruptcy estate of Ronald H. Ellerbusch did not join in this action.

**4.** The Complaint consisted of two other counts which are not at issue in this appeal. Count III alleged that the burned remains of Anna's property constituted a nuisance. Count IV alleged that Herb Myers was not entitled to retain the insurance proceeds in Anna's name. Brenda later dismissed Count IV with prejudice.

R.I. 174, 42 A. 712, 717 (1899). Under this view, if the life tenant recovers insurance proceeds that exceed the value of the life estate, then the tenant must hold the excess in trust for the benefit of the remaindermen. *Id.* Yet another minority rule holds that insurance proceeds collected by the life tenant, regardless of the amount, stand in place of the destroyed property and must be used to rebuild the property. *See e.g., Green v. Green,* 50 S.C. 514, 27 S.E. 952, 959 (1897). If the property cannot be rebuilt, the life tenant must invest the proceeds for the benefit of the remaindermen, in which case the life tenant would be entitled to any interest earned on the fund during his life. *Id.*

We hereby adopt the majority rule and its exceptions. We find compelling the following policy reasons that have been consistently advanced for the rule:

> It has been stated that the contract of insurance is a personal contract, and inures to the benefit of the party with whom it is made and by whom the premiums are paid. It is a contract of indemnity against loss. The sum paid is in no proper or just sense the proceeds of the property. In other decisions it has been held, in substance, that without an express covenant the tenant for life is not liable to rebuild a house destroyed by fire without his fault. He is in no sense a trustee for the remainderman. If not bound to rebuild, he certainly is not bound to insure for the benefit of the remainderman.

51 AM.JUR. § 158 at 416 (annotations omitted).

 Absent an agreement or fiduciary duty outside the incidents of the tenancy, a life tenant is not required to rebuild property destroyed without his fault. *See Miller v. Shields,* 55 Ind. 71, 77 (1876) (life tenant is not bound to restore building destroyed by act of God). It follows that, without an agreement or separate duty, a life tenant is not required to insure the property for the remainderman's benefit or hold insurance

proceeds in trust for the remainderman. Despite the apparent inequity of the rule, a remainderman may protect his interest through an agreement with the life tenant that the latter carry insurance for the remainderman's benefit. *Harrison,* 44 N.E. at 223. Further, both the life tenant and the remainderman have insurable interests, and each can insure for himself. *King v. King,* 163 Miss. 584, 143 So. 422, 424 (1932).

Here, the warranty deed which created the parties' interests did not provide that Anna would insure the property for the Remaindermen's benefit. Further, Anna procured the insurance for her own benefit and paid for it out of her own funds. Although Brenda insists in an affidavit that Anna had agreed to provide insurance for the Remaindermen, she has not designated any competent evidence which supports an inference that there was an agreement.[5] Thus, applying the majority rule to the facts of this case, we conclude that Anna has no duty to hold the proceeds for the benefit of the Remaindermen and is entitled to retain the full value of the insurance proceeds.

Affirmed.

ROBERTSON and BAKER, JJ., concur.

5. Indiana Rule of Evidence 602 states that a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Brenda's affidavit and her designated evidence are insufficient to show that she had personal knowledge of any agreement between Anna or the Remaindermen. Thus, we give no weight to her assertion.