RENDERED: NOVEMBER 5, 2021; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0065-MR

JOHNNY MCCOY AND MICHELLE
MCCOY                                                                              APPELLANTS


                        APPEAL FROM MARTIN CIRCUIT COURT
v.              HONORABLE JOHN DAVID PRESTON, JUDGE
                        ACTION NO. 19-CI-00145


JENNIFER LYNN HORN,
EXECUTRIX OF THE ESTATE OF
JACKIE JORDAN                                                                      APPELLEE


                                  OPINION
                                  AFFIRMING

                              ** ** ** ** **

BEFORE: ACREE, McNEILL, AND L. THOMPSON, JUDGES.

McNEILL, JUDGE: Johnny and Michelle McCoy ("McCoys") appeal from an

order of the Martin Circuit Court granting summary judgment in favor of Jackie

Jordan[1] ("Jordan"), finding the McCoys, who held remainder interests in a home

---

[1] Sadly, Jordan died on December 31, 2019. Jennifer Lynn Horn, Executrix of the Estate of
Jackie Jordan, was substituted as the party-appellee on August 31, 2020.

destroyed by fire, are not entitled to any of the insurance proceeds. Finding no error, we affirm.

On January 25, 2017, Jordan conveyed a remainder interest in certain real property, including a home, to the McCoys. However, Jordan retained a life estate in the real property and continued to live in the home. He purchased an insurance policy on the home and its contents, paid the premiums, and was the sole insured. On October 28, 2018, the home was destroyed by fire.

Following the fire, Jordan filed a petition for declaration of rights[2] in Martin Circuit Court arguing he was the sole beneficiary of the insurance proceeds. The McCoys answered the petition and filed a counterclaim, asserting that, as remaindermen, they were entitled to a share of the proceeds. Subsequently, both parties moved for summary judgment on the issue. On December 19, 2019, the circuit court entered an order granting Jordan's motion for summary judgment and denying the McCoys' motion. This appeal followed.

"The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres*

---

[2] Jordan subsequently filed an amended petition for declaration of rights to correct an error in the original petition's caption.

*v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citing CR[3] 56.03). "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). "Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo.*" *Lewis v. B & R Corporation*, 56 S.W.3d 432, 436 (Ky. App. 2001).

Kentucky follows the majority rule which holds that a "life tenant is not bound to keep the premises insured for the benefit of the remainder-man. Each can insure his own interest, but, in the absence of any stipulation or agreement, neither has any claim upon the proceeds of the other's policy . . . ." *Spalding v. Miller*, 103 Ky. 405, 45 S.W. 462, 464 (1898).[4] The reasoning behind this view is that "[t]he contract of insurance is a personal contract, and inures to the benefit of the party with whom it is made, and by whom the premiums are paid. It is a contract of indemnity against loss. The sum paid is in no proper or just sense the proceeds of the property." *Id.* (internal quotation marks and citations omitted).

---

[3] Kentucky Rules of Civil Procedure.

[4] Although *Spalding* is not recent, it appears to still be the law in a majority of jurisdictions and has not been overruled in Kentucky.

In contrast, the minority rule holds that based upon the life tenant's relationship as an implied or quasi-trustee for the remainderman, "in case of the total destruction of the insured property, the fund from the insurance policy thereon is substituted for the property, and the life tenant will be entitled to the interest for life, and the fund after life tenant's death will be payable to the remainder-men[.]" *Green v. Green*, 50 S.C. 514, 27 S.E. 952, 959 (1897).

For whatever reason, the McCoys' appellate brief fails to cite the relevant Kentucky precedent. Instead, they note that, like states holding the minority view, Kentucky has recognized that a life tenant is a quasi-trustee for the remainderman, citing *Superior Oil Corporation v. Alcorn*, 242 Ky. 814, 47 S.W.2d 973, 987 (1930), *as modified on denial of reh'g* (May 8, 1931) (citation omitted) ("The vast majority of the courts hold that a life tenant is a trustee for the remainderman . . . but we think it better to call him a quasi trustee.").

They point to an exception to the majority rule that a remainderman is not entitled to the insurance proceeds of a life tenant's policy, when there is a fiduciary relationship between the life tenant and the remainderman, and argue this case falls within the exception because Kentucky courts have recognized that a life tenant is a quasi-trustee for the remainderman.

The McCoys cite two cases from other jurisdictions, *Opha L. Keith Estate ex rel. Buckland v. Keith*, 647 S.E.2d 731 (W. Va. 2007) and *Ellerbusch v.*

-4-

*Myers*, 683 N.E.2d 1352 (Ind. Ct. App. 1997), setting forth three recognized exceptions to the majority rule that a remainderman does not have an interest in insurance proceeds from the destruction of a life estate: (1) when the instrument creating the estate expressly provides that the life tenant will insure the property for the benefit of the remainderman; (2) when the life tenant and the remainderman agree to this requirement; or (3) if a fiduciary relationship exists between the life tenant and the remainderman. *Buckland*, 647 S.E.2d at 735; *Ellerbusch*, 683 N.E.2d at 1354.

As an initial matter, it does not appear Kentucky has recognized this exception to the majority rule.[5] However, assuming its recognition, the standard fiduciary relationship that exists between a life estate and a remainderman is not the type contemplated by the exception. This is clear from the language of the exception itself: "A life tenant must provide insurance for the benefit of the remainderman . . . if a fiduciary relationship exists between the life tenant and the remainderman *apart from the incidents of the tenancy*." *Ellerbusch*, 683 N.E.2d at 1354 (emphasis added). *Ellerbusch* cited *Clark v. Leverett*, 159 Ga. 487, 126 S.E. 258, 259 (1924), for this proposition, a case where the life tenant had an express

_____

[5] Our highest court recognized the first two above exceptions in *Spalding*, 45 S.W. at 464 ("In the absence of anything that requires it in the instrument creating the estate, or of any agreement to that effect on the part of the life tenant, we think that the life tenant is not bound to keep the premises insured for the benefit of the remainder-man.").

fiduciary obligation as the remainderman's guardian. Thus, the exception is premised on a fiduciary obligation beyond that generally associated with being a life tenant.

The Missouri Supreme Court recognized this distinction in *Farmers' Mutual Fire and Lightning Insurance Company v. Crowley*, 354 Mo. 649, 190 S.W.2d 250 (1945), where it found inapplicable the exceptions to the general rule that a remainderman is not entitled to the insurance proceeds from a policy taken out by the life tenant for his own benefit. Under similar circumstances to ours, the Missouri court has said:

> In the case at bar, the will of Mary H. Crowley did not provide that respondent, the life tenant, should insure the property for the benefit of appellants, the remaindermen; no agreement by respondent to insure the property for appellants' benefit was shown in evidence; *respondent did not stand in any fiduciary relationship to the remaindermen other than the quasi trustee relationship of a life tenant*; the respondent procured the contract of insurance in his own name as insured, and paid the assessments thereafter payable; and appellants were in no way parties to the contract of insurance.

*Id.* at 253 (emphasis added).

Like Mary Crowley in Missouri, who owed no independent duties to her remainderman, Jordan owed no express fiduciary obligation to the McCoys beyond the quasi-trustee relationship of a life tenant. As such, even if Kentucky recognized an exception to the majority rule where a fiduciary relationship exists

-6-

between the life tenant and the remainderman apart from the incidents of the tenancy, it would not be applicable in this case.

Lastly, the McCoys argue that the majority rule is unfair and "discriminates against the remaindermen who, after a loss, are left with nothing but a smoldering heap of rubble to clean up." However, as recognized in *Ellerbusch*, 683 N.E.2d at 1355, "[d]espite the apparent inequity of the rule, a remainderman may protect his interest through an agreement with the life tenant that the latter carry insurance for the remainderman's benefit" and each party "can insure for himself." *See also Saunders v. Armstrong*, 22 Ky. L. Rptr. 1789, 61 S.W. 700, 700 (1901) ("The owner of the remainder or other interest may also have an insurance on the same property to protect himself from loss.").

The McCoys could have entered into an agreement with Jordan to insure the property for their benefit or obtained insurance on the property themselves. While they contend they did "everything in their power to obtain insurance" but were told by Farm Bureau, the company Jordan insured the property through, that Farm Bureau could not double insure any structure, there is no evidence the McCoys attempted to insure the property through any other company.

Wherefore, the order of the Martin Circuit Court granting summary judgment in favor of Jordan is affirmed.

ALL CONCUR.


BRIEF FOR APPELLANT:          BRIEF FOR APPELLEE:

Jaryd H. Crum                 Eldred E. Adams, Jr.
Paintsville, Kentucky         Louisa, Kentucky